# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 3:05CV234-C

| | |
|---|---|
| WACHOVIA SECURITIES, LLC, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| TONYA M. BLAKENSHIP and DONTE ) | |
| JAMAEL BOLDEN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Respondents' "Motion To Direct [Petitioner] ... to Post a Supersedeas Bond Pursuant to F.R.Civ.P. 62" (document #13) filed July 19, 2005; and the Petitioner's "Response ... " (document #14) filed July 28, 2005. Counsel for the Respondents has informed chambers' staff telephonically that a reply will not be filed and the time for filing a reply brief has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Petitioner's motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Petitioner's motion, for the reasons discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sometime prior to April 2004, the Respondents, Tonya M. Blakenship and Donte Jamael Bolden, who are North Carolina citizens, opened an investment account with Petitioner Wachovia Securities, LLC ("Wachovia"), a Delaware corporation with its headquarters in Richmond, Virginia.

1

In a related investment contract, the parties agreed that any dispute arising from the investment account would be resolved in binding arbitration before the New York Stock Exchange ("NYSE").

Sometime in April 2004, the Respondents initiated an arbitration proceeding against the Petitioner, seeking to recover losses incurred on securities they purchased through their Wachovia account. See Tonya M. Blakenship and Donte Jamael Bolden v. Wachovia Securities, LLC, NYSE Case No. 2004-015391.

On April 5 and 6, 2005, an arbitration hearing was held in Charlotte, North Carolina, before a panel of three arbitrators.

On April 20, 2005, the arbitrators issued an Award in favor of the Respondents in the principal amount of $125,404.26, plus $6,500.00 in costs and $56,000.00 in attorneys' fees.

On May 20, 2005, Wachovia filed its "Motion ... to Vacate Arbitration Award" (document #1) pursuant §10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, contending that the Award should be set aside because the arbitrators "exceeded their powers and acted in manifest disregard of the law." Document #1 at 3.

On June 2, 2005, the Respondents filed their "Motion to Confirm Arbitration Award and for Judgment" (document #6) pursuant to § 9 of the FAA. The parties' cross-motions to confirm/vacate the Award are currently pending before the U.S. District Judge to whom this case is assigned (the Honorable Robert J. Conrad. Jr.).

On July 19, 2005, the Respondents filed their "Motion To Direct [Petitioner] ... to Post a Supersedeas Bond Pursuant to F.R.Civ.P. 62" (document #13), contending that the Court has the discretion pursuant to Rule 62(d) to require Wachovia to post a supersedeas bond in the full amount of the Award in the interim.

The Respondents' motion has been briefed as set forth above and is, therefore, ripe for determination.

## II. <u>DISCUSSION OF CLAIMS</u>

Fed. R. Civ. P. 62(d) provides for an appellant to apply for a stay of a judgment while the underlying matter is on appeal by posting a supersedeas bond, as follows:

> Stay Upon Appeal[.] When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

<u>Accord</u> <u>United States v. $95,945.18, U.S. Currency</u>, 913 F.2d 1106, 1108 n. 1 (4th Cir. 1990) (appellant must post full supersedeas bond prior to receiving stay pursuant to Rule 62(d)); <u>Federal Prescription Serv., Inc. v. American Pharm. Ass'n</u>, 636 F.2d 755, 759 (D.C.Cir. 1980) (same); <u>Kirby v. General Elec. Co.</u>, 210 F.R.D. 180, 194-95 (W.D.N.C. 2000) (same); <u>and</u> <u>Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.</u>, 190 F.R.D. 190, 192 (E.D.Va. 1999) (same).

The Respondents have not cited any authority in support of their motion, and the undersigned is unaware of any published authority even considering whether Rule 62(d) requires a party seeking to vacate an arbitration award to post a bond.[1] Moreover, regardless of the nature of the underlying proceeding, it is apparent that a party is not entitled to invoke the bond requirement until a judgment or other final order has been rendered <u>and</u> the opposing party has filed an appeal. Accord $95,945.18, U.S. Currency, 913 F.2d at 1108 n. 1; <u>Federal Prescription Serv., Inc.</u>, 636 F.2d at 759;

---

[1] While recognizing that unpublished decisions have no precedential value and that this Court is not bound by decisions of other district courts, the undersigned notes that the only court to consider this issue concluded that Rule 62(d) does not apply to proceedings to vacate arbitration awards. See <u>Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv.</u>, 1997 WL 51515 (S.D.N.Y. 1997) (denying motion for posting of supersedeas bond).

3

Kirby, 210 F.R.D. at 194-95; and Alexander, 190 F.R.D. at 192.

Accordingly, the undersigned will <u>deny</u> the Respondents' motion, without prejudice to its right to re-file it should the District Court enter a Judgment in their favor and Wachovia file a Notice of Appeal.

### III.  <u>ORDER</u>

**NOW, THEREFORE, IT IS ORDERED:**

1.  The Respondents' "Motion To Direct [Petitioner] ... to Post a Supersedeas Bond Pursuant to F.R.Civ.P. 62" (document #13) is **DENIED**, without prejudice to re-filing as discussed above.

2.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED.**

**Signed: August 12, 2005**

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge