# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:04CV234

| | |
|---|---|
| WACHOVIA SECURITIES, LLC, ) | |
| ) | |
| Movant, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| TONYA M. BLANKENSHIP, and ) | |
| DONTE JAMAEL BOLDEN, ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on the motion of Wachovia Securities, LLC (Wachovia) to vacate an arbitration award. The parties have requested oral argument, a request which is denied.

## I. PROCEDURAL HISTORY

The Respondents, Tonya Blankenship and Donte Bolden, were formerly customers of Wachovia and in April 2004 initiated arbitration proceedings before the New York Stock Exchange (NYSE) under the terms

2

of their customer agreement with the bank.[1]  Arbitration occurred on April 5 and 6, 2005, in Charlotte, North Carolina.  On April 18, 2005, a panel of three arbitrators found that Wachovia should reimburse the Respondents in the amount of $125,404.26 as an award, in the amount of $6,500 as costs, and in the amount of $56,000 as attorneys' fees.

On May 20, 2005, Wachovia initiated this action to vacate that award pursuant to 9 U.S.C. § 10.  In support of the motion, Wachovia filed a copy of the Respondents' claim before the NYSE and a copy of the arbitration panel's award.  Although Wachovia noted that the arbitration proceedings were recorded and stated that a transcript of those proceedings would be supplied, the record before this Court has not been so expanded.  **See, Memorandum in Support of Motion of Wachovia Securities, LLC to Vacate Arbitration Award, filed May 20, 2005, at 2 n.2.**

## II.  STANDARD OF REVIEW

It is important to note at the outset that judicial review of
arbitration awards is extremely limited – in fact, it is among the
narrowest known to the law.  A court sits to determine only

---

[1]A legible copy of that agreement has not been placed in the record.  The parties, however, do not dispute that the agreement provided for arbitration before the New York Stock Exchange.

> whether the arbitrator did his job – not whether he did it well, correctly, or reasonably, but simply whether he did it. Indeed, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. If courts were allowed to delve into the merits of an arbitration award, then the federal policy of settling labor disputes by arbitration would be seriously undermined. Such judicial second-guessing . . . would transform a binding process into a purely advisory one, and ultimately impair the value of arbitration for labor and management alike.

***United States Postal Serv. v. American Postal Workers Union, AFL-CIO***, 204 F.3d 523, 527 (4th Cir. 2000) (quotations and citations omitted). "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." ***Apex Plumbing Supply, Inc. v. United States Supply Co., Inc.***, 142 F.3d 188, 193 (4th Cir. 1998). Here, Wachovia claims that the panel of arbitrators exceeded their authority and acted in manifest disregard of the law.

It is worth noting that although Wachovia includes in its boilerplate an allegation that the arbitrators exceeded their authority, the body of the supporting memorandum is limited to discussions of manifest disregard of the law. Nonetheless, in order to find that an arbitrator has exceeded his authority, it is not sufficient to claim that he misinterpreted the contract or

made an error of law. *Id.* "Indeed, 'a conclusion reached by the [arbitrator], even if questionable . . . does not constitute exceeding his power.'" *Id.* **(quoting *United States for Kirchdorfer v. Aegis/Zublin Joint Venture*, 869 F. Supp. 387, 392 (E.D. Va. 1994)).** The issue is whether the arbitrator exceeded the scope of his authority under the terms of the arbitration contract. ***Int'l Union, United Mine Workers of America v. Marrowbone Dev. Corp.*, 232 F.3d 383 (4th Cir. 2000).** Thus, if an arbitrator completely rewrites the agreement or intentionally refuses to consider portions thereof, he exceeds his authority. ***Postal Workers, supra*; *Kennametal, Inc. v. United Steelworkers of America, AFL-CIO CLC*, 96 Fed. Appx. 851, 854 (4th Cir. 2004).**

As for a manifest disregard of the law, a "court may vacate an award only where a party has shown 'that the arbitrator[] [was] aware of the law, understood it correctly, found it applicable to the case before [him], and yet chose to ignore it in propounding [his] decision." ***Long John Silver's Rest., Inc. v. Cole*, __ F.Supp.2d __, 2006 WL 147524, **2 (D.S.C. 2006) (quoting *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 149 (4th Cir. 1994)).** "[T]here must be something beyond and different from mere error in law or failure on the part of the arbitrators to understand or apply the

law; it must be demonstrated that the majority of arbitrators deliberately disregarded what they knew to be the law in order to reach the result they did." **Health Servs. Mgmt. Corp. v. Hughes, 975 F.2d 1253, 1267 (7th Cir. 1992).**

### III. DISCUSSION

The dispute stems from the management, or alleged mismanagement, of approximately $365,855 which Blankenship invested with Wachovia on behalf of her minor son, Bolden, who received these funds in settlement of a personal injury claim. Blankenship, who was the guardian of a guardianship established by the Court as part of the settlement, went to Wachovia for advice in the investment and management of these funds which were to be used for the son's college education and future medical expenses. In short, between March of 2000 and June of 2003, the fund had dropped in value to $90,000, based, it is alleged, on mismanagement and failure to diversify.[2]

---

[2] Approximately 60 percent of the funds were invested in mutual funds which did not perform well over the term.

Wachovia first claims that the award of $56,000 in attorneys' fees pursuant to the North Carolina Securities Act and Consumer Protection Act shows that the panel failed to perform their job of adjudicating the claims. This is based on Wachovia's contention that Blankenship admitted during the arbitration hearing that North Carolina law did not apply and argued during closing argument that Florida law should apply.  Wachovia further claims that no evidence was presented to the panel to support the amount of the award given.  Wachovia also claims that no evidence was presented to the panel which would support the compensatory award made or substantiate the costs awarded.

Blankenship responds that the scope of the award was determined by the agreement itself, which the parties admit controls, and that the attorneys' fees and costs were awarded according to the NYSE rules.

> A manifest disregard for the law, in contrast to a misinterpretation, misstatement or misapplication of the law, can constitute grounds to vacate an arbitration decision.  In other words, to manifestly disregard the law, one must be conscious of the law and deliberately ignore it.  Consequently, *"there must be some showing in the record, other than the result obtained*, that the arbitrators knew the law and expressly disregarded it."

***University Commons-Urbana, Ltd. v. Universal Constr., Inc.***, 304 F.3d 1331, 1337 (11th Cir. 2002) (quoting *O. R. Sec., Inc. v. Prof'l Planning*

*Assoc., Inc.*, 857 F.2d 742, 747 (11th Cir. 1988)) (emphasis added) (other quotations omitted); *accord, Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 431 F.3d 1320, 1326-27 (11th Cir. 2005) ("On the record before us, we cannot find proof that the arbitrators recognized a clear rule of law and chose to ignore it."). "The demand for a showing in the record sets up a high hurdle for [Wachovia] to clear, because where, as here, arbitrators do not explain the reasons justifying their award, '[Wachovia] is hard pressed to satisfy the exacting criteria for invocation of the doctrine.'" *Prudential-Bache Sec., Inc. v. Tanner*, 72 F.3d 234, 240 (1st Cir. 1995) (quoting *O. R. Sec., Inc., supra*). And, "[i]t is well established that arbitrators are not required to either make formal findings of fact or state reasons for the awards they issue." *Id.,* **at n.9.** In this case, the panel did not do so.

> "In fact, when the arbitrators do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law." In the present case[,] [Wachovia's] argument is thwarted by the fact that the arbitrators did not explain the reasons behind their award. . . . Given the fact that the panel members heard conflicting arguments, it is difficult to maintain that they both recognized the applicable law and then ignored it without the benefit of a statement of their reasons. The broad leeway arbitrators enjoy in determining remedies further stymies [Wachovia's] attempt to demonstrate a manifest disregard of the law on the part of the panel[.]

***Id.*, at 240 (quoting *O R. Sec., supra*) (internal citations omitted).**

Wachovia has not helped itself by failing to expand the record with the transcript of the arbitration hearing after affirmatively stating that it would do so.

> [I]n the instant case, we have no showing in the record of the arbitrator's thoughts – other than the result. . . . [The Court] cannot ascertain from the bare-bones statement of the award what principle of law the arbitrators purportedly chose to ignore when they awarded this [sum]. The statement simply lists the amounts awarded to [the claimants] and is devoid of any mention of cases or treatises that might have provided the underpinnings for the arbitrators' decision. Furthermore, since the hearings were not transcribed, we cannot even look at questions or offhand remarks by the arbitrators for possible evidence of their legal rationale. In sum, we have no indication of the arbitrators' reasons for awarding the [award], and, thus, we have no reason to believe that they disregarded the law in doing it.

***University Commons-Urbana, supra.***

As for the argument that the panel exceeded its authority, Wachovia has not provided any explanation of the manner in which this occurred. Instead, Wachovia's "argument that the [panel] exceeded [its] authority is essentially a disagreement with the [panel's] construction of the [agreement.]" ***Int'l Longshoremen's Ass'n, Local No. 1624. v. Hampton Roads Shipping Ass'n*, 46 F.3d 1124 (table), 1995 WL 19321, \*\*6 (4th Cir. 1995).** A "party may not use § 10(a)(4) merely as a second attempt to

obtain review on the merits." *Id.* **(citing *Remmey*, 32 F.3d at 150-51).** That is precisely the case at hand.

In short, the record before this Court does not allow vacatur of the arbitration award.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Movant's motion to vacate and motion for oral argument is **DENIED.**

**IT IS FURTHER ORDERED** that Respondents' motion for a hearing is **DENIED**.

**IT IS FURTHER ORDERED** that the Respondents' motion to confirm the award and for entry of Judgment is hereby **GRANTED**, and the Judgment is filed herewith.

Signed: January 25, 2006

Lacy H. Thornburg
United States District Judge